UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENNIE TRUTH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-02044-TWP-TAB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS AND PENDING MOTIONS

This matter is before the Court on Petitioner Bennie Truth's ("Truth"), Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, Dkt. [1]. Truth, an inmate at the New Castle Correctional Facility, brings this action challenging the revocation of his parole. For the reasons explained in this Entry, Truth's Petition is **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. BACKGROUND

On August 22, 2013, Truth was released on parole from the Indiana Department of Correction ("IDOC"), where he was serving a 30-year sentence for Class A felony rape. As part of the conditions of his release, Truth was required to: receive permission from his parole office prior to changing his residence (Rule 2); abstain from engaging in criminal conduct (Rule 7); report to his parole office (Rule 10-10); report to Sex Offender Management and Monitoring ("SOMM") treatment (Rule 10-1); abstain from visiting a bar (Rule 10-12); and charge his GPS monitoring unit (Rule 10-27).

On October 15, 2013, a parole violation warrant was issued alleging that Truth committed a number of parole violations, including that he: (1) failed to report to SOMM treatment on three

occasions in violation of Rule 10-1; (2) that he failed to report to the parole office as instructed by his parole officer in violation of Rule 10-10; (3) that he failed to charge his GPS monitoring unit in violation of Rule 10-27; and (4) that he made an unauthorized change of address in violation of Rule 2.

On October 28, 2013, the State of Indiana charged Truth with three Class D felonies for failing to register as a sex offender.

On November 1, 2013, Truth was arrested in the Linebacker Bar & Grill for the parole violation warrant. Truth was held at the Marion County Jail. At his parole hearing on November 4, 2013, the State added the allegation that Truth violated Rule 10-13 because he was arrested while frequenting a bar in violation of Rule 10-12. That same day, Truth pled not guilty to violating his parole and was notified of his right to a preliminary hearing. A preliminary hearing was held on November 7, 2013, where the hearing officer found probable cause to believe that Truth violated the conditions of his parole as alleged.

On November 5, 2013, a different warrant was issued for Truth's arrest for failing to register as a sex offender. The warrant for failing to register as sex offender was presented to Truth while he was in the custody of the Marion County Jail. Truth was then arrested and detained under the new charges of failing to register as a sex offender.

Truth was found guilty of failing to register as a sex offender on April 22, 2014, and was sentenced to 1,095 days of work release. He was returned to the custody of IDOC that same day. On June 4, 2014, he was notified that his parole revocation hearing would take place on June 12, 2014, for violations of parole Rules 2; 7; 10; 10-1; 10-13; and 10-27. A parole revocation hearing

was held on June 12, 2014, where Truth was found guilty of violating Rules 2, 7, 10; 10-1; 10-13, and 10-27. Truth's parole was revoked and he is currently serving the remainder of his sentence.

On December 22, 2015, Truth filed a petition for post-conviction relief challenging the revocation of his parole. The trial court dismissed Truth's petition for post-conviction relief on March 2, 2016. Truth filed two unsuccessful post-judgment motions and then appealed. The Indiana Court of Appeals affirmed and Truth petitioned for transfer to the Indiana Supreme Court, but the Indiana Supreme Court denied transfer on May 15, 2017. Truth then filed this Petition for a writ of habeas corpus.

## II. APPLICABLE LAW

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). "Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Guys v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was

3

unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

### III. DISCUSSION

Truth argues that his due process rights were violated in the course of the revocation of his parole. Specifically, he argues that a Rule 7 criminal activity violation was added without a preliminary hearing and that the hearing was not held within 60 days.

### A. Preliminary Hearing

Truth first contends that he was denied a preliminary hearing on the Rule 7 violation, engaging in new criminal conduct while on parole, in violation of the Fourteenth Amendment. To the extent that he argues that the denial of a preliminary hearing violated Indiana law, that ruling is not reviewable in this proceeding because the Indiana Court of Appeals found no violation. "Errors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted).

Next, Truth argues that the lack of a preliminary hearing on the Rule 7 violation violated his right to due process under the Fourteenth Amendment. In support of his argument, Truth points to the United States Supreme Court's description of the due process requirements for the revocation of parole in *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972). Discussing the application of *Morrissey* to Truth's claim, the Indiana Court of Appeals concluded, "[i]f the alleged violation of parole is the parolee's conviction of a crime while on parole . . . the preliminary hearing need not be held." Slip Op. at 9. The court concluded that because Truth had been convicted of failing to register as a sex offender, the conviction itself was sufficient to establish probable cause to believe that he committed the parole violation of failure to register and a preliminary hearing was

4

not required.  This ruling is consistent with the reasoning in *Morrissey* that the purpose of a preliminary hearing is to "determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Morrissey*, 408 U.S. at 471.  The conclusion of the Indiana Court of Appeals that the failure to provide Truth with a preliminary hearing on the allegation that he failed to register as a sex offender was not an unreasonable application of federal law.

**B.     Timing of the Preliminary Hearing**

Truth also argues that his due process rights were violated when the preliminary hearing on his alleged parole violations was not held within 60 days.  Again, any claim that the alleged delay in conducting the revocation hearing violated Indiana law is not reviewable here.  *Samuel*, 525 F.3d at 574.

The Indiana Court of Appeals did not discuss whether the timing of Truth's revocation hearing violated his due process rights, therefore, this Court will review that claim *de novo*.  *See Villanueva v. Anglin*, 719 F.3d 769, 777 (7th Cir. 2013). Discussing the timing of a parole revocation hearing, the United States Supreme Court has held that "[t]he [parole] revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." *Morrissey*, 408 U.S., at 488.  But the Court has explained that the "execution of the warrant and custody under that warrant [i]s the operative event triggering any loss of liberty attendant upon parole revocation.  This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant." *Moody v. Daggett*, 429 U.S. 78, 87 (1976); *see also United States v. Scott*, 850 F.2d 316, 320 (7th Cir. 1988) ("[W]hen a parolee's custody derives from another conviction rather than from a parole violator warrant, the

5

consequent liberty loss attendant upon parole revocation and protected in *Morrissey* is not yet triggered") (internal quotation omitted) (citing *Moody*, 429 U.S. at 86-87). Here, Truth was arrested on the parole violation warrant on November 1, 2013. But, on November 5, 2013, an arrest warrant was issued on the charges that he failed to register as a sex offender. He was detained in the Marion County Jail on these charges until April 22, 2014. Thus, between November 5, 2013 and April 22, 2014, he was not being held on the parole violation warrant, but on the criminal charges of failing to register. He was sentenced on those charges and transported back to the custody of IDOC on April 22, 2014. His parole revocation hearing was held 51 days later, on June 12, 2014. There was therefore no unreasonable delay in holding the revocation hearing. *Morrissey*, 408 U.S. at 488 (lapse of two months is not unreasonable).

## IV. CONCLUSION

This Court has carefully reviewed the state record in light of Truth's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. Because Truth failed to show any constitutional error in the revocation of his parole, he is not entitled to habeas relief, and his Petition for Writ of Habeas Corpus, Dkt. [1] is therefore **DENIED** and **dismissed with prejudice.** In addition, Truth's Motion for Summary Judgment, Dkt. [20], is **DENIED**, the Motion to Strike, Dkt. [23], filed by the Respondent is **DENIED as moot**, and the Motion for Ruling, Dkt. [22], is **GRANTED** to the extent that a ruling has now been issued. Judgment consistent with this Entry shall now issue.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Truth has failed to show that

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 12/22/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bennie Truth, #951825
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana 47362

Benjamin J Legge
INDIANA ATTORNEY GENERAL
benjamin.legge@atg.in.gov